**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JESUS MANUEL SORIA-LOPEZ,

*Petitioner*,

v. No. 2:26-cv-00938-SMD-KRS

TODD BLANCHE,[1] *et al*.,

*Respondents*.

**ORDER**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is DENIED without prejudice.

**BACKGROUND**

Petitioner, a citizen of Mexico, entered the United States in March 2006 on a B-2 visitor visa. After the expiration of the visa's term of stay, Petitioner did not leave the country. On January 8, 2014, Petitioner was arrested for, and subsequently convicted for, abuse of a child, with a term of three years' probation. On January 26, 2026, he was arrested for theft of a firearm. On January 28, 2026, he was taken into custody by immigration officials. On March 5, 2026, an immigration judge denied bond on the grounds that Petitioner had not shown he was not a danger to the community. On March 12, 2026, an immigration judge ordered removal and Petitioner thereafter timely filed an appeal. *See* Docs. 1, 8. On August 11, 2026, the Board of Immigration

[1] Pursuant to Federal Rule of Civil Procedure 25(d), an action does not abate when a public officer who is a party in official capacity resigns or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party, and any misnomer not affecting the parties' substantial rights must be disregarded. While the court may order substitution at any time, the absence of such an order does not affect the substitution.

Appeals ("BIA") dismissed the appeal.[2] Doc. 15 at 1-2.

On September 8, 2026, Petitioner filed a document titled "Motion to Withdraw [Habeas] Corpus." *See* Doc. 16. In his motion, Petitioner asks that he be permitted to depart the United States voluntarily. He also asks that he "be let out here in the United States" so he may be reunited with his family. Petitioner further states that if he "no longer [has] the right or opportunity to be here in the United States, then I request to be sent back to my country where I was born," and asks to be sent to Ciudad Juarez instead of elsewhere in Mexico. *Id.* at 1. Petitioner attaches a letter thereto indicating that the state prosecutor requested dismissal of the theft of firearm charge. *Id.* at 2.

**LEGAL STANDARD**

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

**DISCUSSION**

I. <u>The Court Has Subject Matter Jurisdiction</u>

The Court has subject matter jurisdiction to review Petitioner's claims. *See Tuck v. United*

[2] *See* Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 19, 2026, using Petitioner's A-number and nationality).

*Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction). Petitioner challenges his continued detention as a violation of the Due Process Clause. *See* Doc. 1. That constitutional claim differs from a challenge to a removal determination or bond eligibility. *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (citing *Demore*, 538 U.S. at 517). As one court explained, "[w]here a petitioner 'does not challenge any final order of removal, but challenges his detention prior to the issuance of any such order' the jurisdiction-stripping provisions do not apply." *Noori v. LaRose*, No. 25-cv-01824-GPC-MSB, 2025 WL 2800149, at *8 (S.D. Cal. Oct. 1, 2025) (quoting *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008)). The Court finds that reasoning persuasive.

II. <u>Petitioner Is Presently Within the 90-Day Mandatory Detention Period</u>

Under § 1231(a)(1), the government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite detention, however, is not permitted. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

"After entry of a final removal order and during the 90–day removal period … aliens must be held in custody." *Zadvydas*, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)). The 90-day period "begins on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." *Johnson v. Guzman*

*Chavez*, 594 U.S. 523, 528 (2021) (citing § 1231(a)(1)(B)). "Administratively final" means "once the BIA has reviewed the order (or the time for seeking the BIA's review has expired)." *Id.* at 534.

In *Zadvydas*, the Supreme Court established a "presumptively reasonable period of detention" of six months following entry of a final order of removal "for the sake of uniform administration in the federal courts." *Zadvydas*, 533 U.S. at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut the showing. *Id.*

Courts typically consider the cumulative time spent in detention when evaluating a habeas claim challenging detention as unreasonable per *Zadvydas*. *Vo v. Bondi*, No. 2:25-cv-02244-DGE, 2025 WL 3653722, at *3 (W.D. Wash. Dec. 17, 2025) ("The presumptively reasonable period of detention does not reset each time a noncitizen is detained; rather, the aggregate time in detention post removal order is considered."); *see, e.g.*, *Giorges v. Kaiser*, No. 25-cv-07683-NW, 2025 WL 2898967, at *8 n.5 (N.D. Cal Oct. 10, 2025); *Bulle v. Wesling*, No. 26-cv-00019-JJM-AEM, 2026 WL 183840, at *4 (D.R.I. Jan. 23, 2026).

Here, Petitioner's order of removal became administratively final on August 11, 2026, when the BIA dismissed his appeal. Thus, as of the present date, Petitioner has been in custody for 69 days and remains within the 90-day mandatory detention period. There is presently no basis for release from custody. As it is unclear from the language in Petitioner's Motion to Withdraw (Doc. 16) whether Petitioner, in fact, wishes to withdraw his Petition, the Court will proceed to deny the Petition without prejudice.

In the event Petitioner's detention becomes prolonged as explained in *Zadvydas*, Petitioner

may seek relief by filing a new petition setting forth good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

**CONCLUSION**

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** without prejudice;

2) The Court will separately enter Final Judgment and close this case.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**